UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARTIN TARADEJNA,
Individually and on behalf of all others similarly situated,

        Plaintiff,

vs.

GENERAL MILLS, INC., a Delaware Corporation, YOPLAIT USA, INC., a Delaware Corporation

        Defendants.

Case Number: 12cv 993 (SRN/LIB)

(Removed from State Court of Hennepin County, Fourth Judicial District)

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1446, 1453, defendants General Mills, Inc. and Yoplait USA, Inc. (collectively, the "Removing Defendants") hereby remove to this Court the state-court action described in paragraph 1 below.

### THE REMOVED CASE.

1.     The removed case is a putative national class action, entitled *Martin Taradejna, et al. v. General Mills, Inc., et al.*, that was commenced by service on the Removing Defendants on March 30, 2012. The Complaint was captioned in the Hennepin County District Court, Fourth Judicial District of the State of Minnesota and was filed with that court on March 30, 2012.

SCANNED APR 23 2012 U.S. DISTRICT COURT MPLS

## PAPERS FROM REMOVED ACTION

2. As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit A are copies of all process, pleadings, and orders served upon the Removing Defendants in the removed case.

## CONSENTS TO REMOVAL

3. Although the consent of all defendants is not required for removal under 28 U.S.C. § 1453(b), all of the Removing Defendants do in fact join in this removal petition.

## THE VENUE REQUIREMENT IS MET

4. Venue of this removal is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action was pending.

## THE REMOVAL IS TIMELY

5. 28 U.S.C. § 1446(b) provides in relevant part that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

6. This Notice of Removal satisfies the timing requirements of § 1446(b) because Removing Defendants have filed this Notice of Removal within 30 days of having been served with the Complaint on March 30, 2012.

## THIS COURT HAS ORIGINAL JURISDICTION OVER THIS MATTER UNDER 28 U.S.C. § 1332(d)(2)

7. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act of 2005) and is one that may be removed to this Court under 28 U.S.C. §§ 1446, 1453. Section 1332(d)(2)(A) provides in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) any member of class of plaintiffs is a citizen of a State different from any defendant . . . .

28 U.S.C. § 1332(d)(2)(A).

8. This action is a "class action" within the meaning of § 1332(d)(2)(A) because it is a "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). *See* Complt. ¶¶ 97-98.

9. The amount in controversy in this case, measured by aggregating the claims of the individual class members under 28 U.S.C. § 1332(d)(6), exceeds the required sum of $5,000,000, exclusive of interest and costs. Plaintiffs seek recovery of actual, compensatory, and statutory damages as well as declaratory and injunctive relief. *See* Complt. ¶ 127, Relief Requested ¶¶ C, D & E. Given the amount of national sales of Yoplait Greek and the extent of damages sought by plaintiffs based on those sales, the

amount in controversy in this case easily exceeds the sum of $5,000,000. (Declaration of Joseph Dziedzic ("Dziedzic Decl.") ¶ 6.)[1]

10. The parties in this case satisfy the requirement of minimal diversity, because at least one "member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The Complaint alleges that Plaintiff Martin Taradejna resides in the state of Illinois, Complt. ¶ 11, and defendants General Mills, Inc. and Yoplait USA, Inc. are Delaware corporations with their respective principal places of business in Minnesota. (Complt. ¶¶ 12-13.)

## PLAINTIFFS CANNOT PROVE ANY OF THE EXCEPTIONS TO JURISDICTION UNDER 28 U.S.C. § 1332(d)

11. Because the Removing Defendants have established this Court's jurisdiction under 28 U.S.C. § 1332(d)(2), the burden falls on Plaintiffs to prove one of the exceptions to jurisdiction under § 1332(d)(3), (4).

12. Under § 1332(d)(3), a court *may* decline to exercise jurisdiction over a class action in which "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed...." Here, because Plaintiffs allege a nationwide class, fewer than one-third of the members of all proposed plaintiff classes in

---

[1] The Declaration of Joseph Dziedzic referenced here is the subject of a separate motion by General Mills for leave to file under seal, given the trade secret and confidential commercial information contained therein. *See General Mills' Motion for Leave to File Under Seal Declaration in Support of Notice of Removal*, filed April 20, 2012. General Mills will promptly file the Dziedzic Declaration, provided that the Court grants General Mills' motion for leave to file it under seal.

4

the aggregate will be citizens of Minnesota. (Dziedzic Decl. ¶ 9.) Section 1332(d)(3) therefore does not apply.

13. Under § 1332(d)(4)(A), a court *must* decline to exercise jurisdiction if, among other requirements, "greater than two-third of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed...." As addressed above, given Plaintiffs' allegations of a nationwide class, two-thirds or more of the members of all proposed plaintiff classes in the aggregate will not be citizens of Minnesota. (Dziedzic Decl. ¶¶ 6, 8-9.)

14. Section 1332(d)(4)(A) also is independently not met here on the grounds that "during the three-year period preceding the filing of [the] class action" another class action was "filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." § 1332(d)(4)(A)(ii). On March 22, 2012, a putative class action was filed in California state court against the Removing Defendants (*Lindsay Gallant, et al. v. General Mills, Inc., et al.*), asserting virtually identical allegations. The Complaint in the California action was amended on April 10, 2012. Attached hereto as Exhibit B is a true and correct copy of the First Amended Complaint in the California action. The California action repeatedly makes the same factual allegations that the Plaintiffs make in this case, including: Yoplait Greek yogurt products do not comply with legal and regulatory rules governing the labeling of food because they contain significant amounts of Milk Protein Concentrate, Complt. ¶ 3, Ex. C ¶ 2; applicable standards of identity for yogurt do not list MPC, Complt. ¶ 5, Ex. C ¶ 4; and Yoplait Greek yogurt is neither "Greek" yogurt, nor "yogurt", Complt. ¶ 7, Ex. C ¶ 6.

The California action makes the exception to jurisdiction under § 1332(d)(4)(A)(ii) inapplicable.

15. Separately, under § 1332(d)(4)(B), a court *must* decline to exercise jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, *and* the primary defendants, are citizens of the State in which the action was originally filed." As demonstrated above, because Plaintiffs have alleged a nationwide class, two-thirds or more of the members of all proposed plaintiff classes in the aggregate will not be citizens of Minnesota. (Dziedzic Decl. ¶¶ 6, 8-9.) Therefore, § 1332(d)(4)(B) does not apply.

16. This Court retains jurisdiction under 28 U.S.C. § 1332(d)(2) because the primary defendants in this action are not States, State officials, or government entities as required by § 1332(d)(5)(A). Also, the number of members of the proposed plaintiff class exceeds 100, as required by § 1332(d)(5)(B). *See* Complt. at ¶ 99.

### FILING OF REMOVAL PAPERS

17. As 28 U.S.C. § 1446(d) requires, written notice of the removal of this action has been given simultaneously to plaintiffs' counsel, and a Notice of Filing of Notice of Removal is simultaneously being filed with the State Court of Hennepin County, Fourth District, State of Minnesota. A true and correct copy of this Notice is attached hereto as Exhibit C.

### CONCLUSION

WHEREFORE, defendants General Mills, Inc. and Yoplait USA, Inc. respectfully request that the above-captioned action be removed from the Fourth Judicial District of

the State of Minnesota to the United States District Court, District of Minnesota, and that this Court assume full jurisdiction over this action, to the exclusion of any further proceedings in the state court.

Dated: April 20, 2012                    **FAEGRE BAKER DANIELS LLP**

                                         _____
                                         Will Stute, #279663
                                         Sarah L. Brew, #209958
                                         Aaron Van Oort, #315539
                                         Erin Verneris, #335174
                                         2200 Wells Fargo Center
                                         90 South Seventh Street
                                         Minneapolis, MN   55402-3901
                                         Phone:  612.766.7000
                                         Fax:  612.766.1600
                                         *Will.Stute@faegrebd.com*
                                         *Sarah.Brew@faegrebd.com*
                                         *Aaron.VanOort@faegrebd.com*
                                         *Erin.Verneris@faegrebd.com*

                                         **ATTORNEYS FOR DEFENDANTS**

fb.us.8371784.03

# FAEGRE BAKER DANIELS

FaegreBD.com

USA ▾ UK ▾ CHINA

**Aaron D. Van Oort**
+1 612 766 8138
Aaron.Vanoort@FaegreBD.com

Faegre Baker Daniels LLP
2200 Wells Fargo Center ▾ 90 South Seventh Street
Minneapolis ▾ Minnesota 55402-3901
Phone +1 612 766 7000
Fax +1 612 766 1600

April 20, 2012

**BY MESSENGER**

Clerk of Court
United States District Court
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   Martin Taradejna v. General Mills, Inc., et al.

Dear Clerk of Court:

Enclosed in the above-referenced matter is our firm's check in the amount of $350 to cover the appropriate filing fee for the Civil Cover Sheet, Notice of Removal with attachments, Notice of Filing of Notice of Removal, and Affidavit of Service.

We also are filing a Notice of Motion, Motion, Memorandum of Law and supporting Declaration seeking leave to file under seal a declaration in support of our Notice of Removal.

By copy of this letter we are serving a copy of the enclosed documents on plaintiff's counsel.

Thank you for your attention to this matter.

Sincerely yours,

Aaron D. Van Oort

AVO:dls
Enclosures
fb.us.8441511.01